# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA
# PHILADELPHIA DIVISION

| | |
|---|---|
| **In re:**<br><br>**Sylvia Timberlake,**<br>    Debtor,<br><br>**Reverse Mortgage Solutions, Inc.,**<br><br>    Movant,<br><br>v.<br><br>**Sylvia Timberlake,**<br>    Debtor/Respondent,<br><br>**Gary F. Seitz, Esquire,**<br>    Trustee/Respondent, | **Bankruptcy No. 20-12571-amc**<br><br>**Chapter 7**<br><br>Hearing Date: August 26, 2020<br>Hearing Time: 12:30 p.m.<br>Location: 900 Market Street,<br>Philadelphia, PA 19107 |

## MOTION OF REVERSE MORTGAGE SOLUTIONS, INC. FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT REVERSE MORTGAGE SOLUTIONS, INC. TO FORECLOSE ON 8446 PROVIDENT STREET, PHILADELPHIA, PENNSYLVANIA 19150

Secured Creditor, Reverse Mortgage Solutions, Inc., by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor(s), Sylvia Timberlake, filed a voluntary petition pursuant to Chapter 7 of the United States Bankruptcy Code on June 2, 2020.

2. Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On September 25, 2014, Sylvia Timberlake executed and delivered a Home Equity

Conversion Note ("Note") and Reverse Mortgage ("Mortgage") securing payment of the Note in the amount of $262,500.00 to New Equity Financial, Inc. A true and correct copy of the Note is attached hereto as Exhibit "A."

4. The Mortgage was recorded on October 17, 2014 as Document Number 52840048 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B."

5. The Mortgage was secured as a lien against the Property located at 8446 Provident Street, Philadelphia, Pennsylvania 19150, ("the Property").

6. The loan was lastly assigned to Reverse Mortgage Solutions, Inc. and same was recorded with the Philadelphia County Recorder of Deeds on May 6, 2020, as Document Number 53664683. A true and correct copy of the Assignment of Mortgage is attached hereto as Exhibit "C."

7. Based upon the Debtor(s)' schedules, the property is claimed as exempt and the amount of the exemption claimed is $148,000.00. Additionally, on July 14, 2020, the Trustee has filed a Report of No Distribution. A true and correct copy of the Debtor(s)' schedules is attached hereto as Exhibit "D."

8. The terms and conditions of the Note and Reverse Mortgage are in default due to failure to perform an obligation under the Reverse Mortgage by failing to maintain property taxes in the amount of $1,029.17 which was advanced by Secured Creditor on August 13, 2019.

9. Thus, Debtor(s)' arrearage totaled the sum of $1,029.17 through June 23, 2020.

10. According to the Debtor(s)' schedules, the value of the property is $148,000.00. A true and accurate copy of the Debtor(s)' Schedule D is attached hereto as Exhibit "E."

11. Movant's total claim amount, itemized below, is approximately $159,573.51.

| Principal Advances | $111,081.67 |
|---|---|
| Interest | $38,008.01 |
| MIP | $9,851.86 |
| Intra Month Per Diem Total | $631.97 |
| Total Amount Due | $159,573.51 |

12. After reducing the total liens and Debtor's exemption; there does not appear to be remaining non-exempt equity in the property.

13. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause" which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from stay under Section 362 (d)(1) where the value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

14. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Secured Creditor, its successor and/or assignees to pursue its state court remedies, including the filing of a foreclosure action.

15. Additionally, once the stay is terminated, the Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Reverse Mortgage Solutions, Inc. to take

any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), and for any such further relief as this Honorable Court deems just and appropriate.

Date: July 29, 2020

**Robertson, Anschutz, Schneid & Crane LLC**
Attorney for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA  30097
Telephone: (470) 321-7112
By: /s/ Charles G. Wohlrab
Charles G. Wohlrab, Esquire
PA Bar Number  314532
Email: cwohlrab@rascrane.com